Chen v. Sessions

BIA
Poczter, IJ
A205 226 227

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

WEN LIN CHEN,
> *Petitioner,*

v.                                                    16-679
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Gerald Karikari, Karikari &
                           Associates, P.C., New York, NY.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; John S.
                           Hogan, Assistant Director; Mona
                           Maria Yousif, Trial Attorney, Office
                           of Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Wen Lin Chen, a native and citizen of the People's Republic of China, seeks review of a February 12, 2016, decision of the BIA, both (1) affirming a December 23, 2013, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and concluded that Chen filed a frivolous application, and (2) denying his motion to remand. *In re Wen Lin Chen,* No. A205 226 227 (B.I.A. Feb. 12, 2016), *aff'g* No. A205 226 227 (Immig. Ct. N.Y. City Dec. 23, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (adverse credibility determinations reviewed under substantial evidence standard); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (denials of motions to remand reviewed for abuse of discretion).

2

**I.  One-Year Bar**

An asylum application generally must be filed within one year of an applicant's arrival in the United States.  8 U.S.C. § 1158(a)(2)(B), (D).  Our jurisdiction to review the agency's pretermission of asylum on timeliness grounds is limited to "constitutional claims or questions of law."  8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Chen alleges that he entered the United States on March 21, 2011.  However, as discussed in further detail below, Chen's testimony was internally inconsistent with respect to this date, and the Government proffered evidence that Chen was in the United States as early as 2007.  Chen's only challenge to the one-year bar determination is that the Government's evidence should not have been accorded any weight.  This challenge to the weight of the evidence "merely quarrels over the correctness of the factual findings or justification for the discretionary choices," and we lack jurisdiction to review it.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

**II. Denial of Relief**

For applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

3

in his statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Chen's testimony and the Government's evidence, as well as Chen's internally inconsistent testimony, concerning his date of entry to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen's application alleged that he entered the United States on March 21, 2011, through the Texas border; he initially testified to that date and emphasized that he had never previously entered the United States. This conflicted with the Government's evidence—two applications for immigration benefits filed in 2007, bearing Chen's full name, birth date, country and province of birth, and marital status—placing him in the United States as early as 2007. When confronted with this evidence, Chen did not proffer an explanation or counter with other evidence. Instead, he

4

maintained that his first and only entry occurred on March 21, 2011, and denied filing the 2007 applications. The agency reasonably concluded that this discrepancy undermined Chen's claim of being detained and beaten in China in 2010. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.").

Chen argues that it was error for the agency to find him not credible on that basis because the Government's evidence was unreliable: the applications did not bear his signature and were prepared by an individual who had defrauded applicants and filed fraudulent applications for immigration relief. The agency acknowledged these deficiencies but nevertheless concluded that the two applications supported the adverse credibility determination. "Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (internal quotation marks omitted); *see also Xiao Ji Chen*, 471 F.3d at 342 (observing that this Court generally defers to the weight the agency gives to evidence). Because

5

the agency's finding is "tethered to the evidentiary record," we accord it deference. *Siewe*, 480 F.3d at 168-69.

Further, Chen's internally inconsistent testimony supports the agency's reliance on the 2007 applications and the resulting adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Chen contradicted his own testimony that he entered the United States on March 21, 2011, by stating that he picked up a document while in China on March 24, 2011. When asked to explain this discrepancy, Chen responded, "This has been long time ago [sic]. I don't know," then changed his testimony to say that he picked up the document in February 2011. His explanation did not resolve the inconsistency and the agency reasonably found him not credible on this basis. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Chen's testimony that he entered the United States in March 2011 for the first time is also undercut by his response to a question about being fingerprinted. Chen testified that he was fingerprinted once, in February 2012, when applying for asylum. When the Government attorney mentioned evidence that Chen was

living in Washington state, without specifying a year, Chen, without prompting, asked, "You're talking about in 2010?" Chen then repeated that he was still in China in 2010. Given the other inconsistencies regarding Chen's entry, the IJ reasonably concluded that this spontaneous reference to 2010 contributed to the totality of the circumstances demonstrating that he lacked credibility.

Having questioned Chen's credibility, the agency did not err in concluding that his corroborating evidence was insufficient to rehabilitate his testimony. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably gave diminished weight to Chen's witness testimony because the witness had no personal knowledge of Chen's entry date. *See Xiao Ji Chen*, 471 F.3d at 342. The agency also reasonably gave diminished weight to letters from Chen's mother and friends in China because they were authored by interested parties not subject to cross-examination, a ruling that Chen does not challenge. *See Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving decreased weight to letters from

7

interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the inconsistencies, which call into question whether Chen was in China in 2010 at the time of the alleged persecution, as well as his failure to rehabilitate his claim with reliable corroborating evidence, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

### III. Frivolousness Finding

We find no basis to disturb the agency's conclusion that Chen knowingly submitted a frivolous application. The agency employed all four procedural safeguards. *See In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007). Chen had notice of the consequences of filing a frivolous application because there was a written warning immediately above his signature on his application, *see Gade Niang v. Holder*, 762 F.3d 251, 254 (2d Cir. 2014), and, the IJ put Chen on notice of a potential

8

frivolousness determination at his initial merits hearing. The agency rendered an explicit finding that Chen knowingly filed a frivolous application. The agency's finding is supported by the record, which, as discussed above, includes evidence that Chen entered United States before the time of the alleged persecution in China. And Chen was given an opportunity to account for the discrepancy, but rather than provide evidence of his presence in China, chose simply to deny that he filed for immigration benefits in 2007.

**IV. Motion to Remand**

We find no abuse of discretion in the BIA's denial of Chen's motion to remand for consideration of new evidence. *See Li Yong Cao*, 421 F.3d at 157. The relevant inquiry is "whether the evidence could have been presented at the hearing before the IJ." *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006); *see also* 8 C.F.R. § 1003.2(c)(1). Chen's evidence consisted solely of affidavits and photographs purporting to show his attendance at a wedding in China in 2008, all of which could have presented to the IJ. *See Norani*, 451 F.3d at 294. Although Chen argues that he lacked notice that he would need to present evidence from as early as 2008, Chen had notice that the IJ was considering a frivolousness finding based on his entry date and did not produce additional evidence before the

9

IJ or explain why he waited to submit evidence until six months after the final merits hearing.  Accordingly, we find no abuse of discretion.  *See* 8 C.F.R. § 1003.2(c)(1); *Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk